NANCY HOFFMEIER ZAMORA (State Bar No. 137326)
U.S. Bank Tower
633 West 5th Street, Suite 2600
Los Angeles, California  90071
(213) 488-9411   FAX:  (213) 488-9418
e-mail:  zamora3@aol.com

Chapter 7 Trustee

**FILED & ENTERED**

**FEB 14 2017**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Reaves    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

**CHANGES MADE BY COURT**

| | |
|---|---|
| In re | Case No. 1:16-bk-10099-VK |
| FRANK ADLER AND LAUREN ADLER, | Chapter 7 |
| Debtors. | ORDER AUTHORIZING TRUSTEE TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS |
| | [refer to docket entry no. 115] |
| | DATE:  February 9, 2017
TIME:   2:00 p.m.
CTRM: 301 |

The hearing (the "Hearing") on the Motion for Order Authorizing Trustee to Sell Real Property Free and Clear of Liens (the "Sale Motion") filed by Chapter 7 Trustee Nancy Hoffmeier Zamora ("Trustee") of the bankruptcy estate (the "Estate") of debtors Frank Adler and Lauren Adler ("Debtors") in the above-entitled bankruptcy case (the "Case") was held on February 9, 2017, the Honorable Victoria Kaufman, United States Bankruptcy Judge, presiding.  The Sale Motion is filed as docket no. 115 in the Case.

Trustee appeared at the Hearing by CourtCall.  Other appearances were made as noted on the record.

Having read and considered the Sale Motion including the memorandum of points and authorities; declarations in support and exhibits(s) [docket no. 115], the notice of the Sale Motion [docket no. 116], the notice of sale of estate property [docket no. 117]; the Stipulation by and between Trustee and Debtors regarding Consent to Trustee's Sale of

Real Property, Waiver of Homestead Exemption for Pending Sale and Consent to Distributions to be Made to IRS and FTB for Nondischargeable Priority Tax Claims (the "Stipulation") [docket no. 119], the order approving the Stipulation (the "Order Approving Stipulation") [docket no. 121], and such other documents as are filed in the Case; no opposition to the Sale Motion having been filed, notice of the Hearing and of the Sale Motion having been proper; and good cause appearing therefor, the Court hereby finds, as a matter of fact, and concludes, as a matter of law, that:

1.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 to approve the sale of the real property (the "Real Property") that is the subject of the Sale Motion, free and clear of those liens, encumbrances, claims and interests identified in the Sale Motion and this sale order (the "Order"), and to authorize Trustee on behalf of the Estate in the Case to enter into and perform in accordance with that certain Purchase and Sale Agreement and Escrow Instructions (Residential Property) dated as of December 20, 2016 as modified by Addendum No. 1 dated January 6, 2017 (collectively, the "Agreement") attached as <u>Exhibit A</u> to the Sale Motion. The Sale Motion is a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b)(2)(A), (N) and (O). The statutory predicates for the relief requested in the Sale Motion are 11 U.S.C. §§ 105, 363, 506(c), 507(a), 522(c)(1), 523(a)(1)(A), 541(a), 724, and 726, and Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 2002, 6004, and 9014.

2.      There are no objections to the Sale Motion.

3.      The Real Property is situated in the County of Ventura, State of California, commonly known as 1028 Lambourne Place, Oak Park, California 91377-5809, identified as Ventura County Assessor's Parcel No. 8010263085, and more fully described by the legal description attached to this Order as **Exhibit A**.

4.      Record title to the Real Property is vested in "Frank Adler and Lauren Adler, husband and wife, as joint tenants" subject to the Case pending in the Bankruptcy Court of the Central District of California ("Record Owners").

. . . . .

5. As set forth in the declarations of service filed with this Court in connection with the Sale Motion, notice of the hearing on the Sale Motion (the "Notice") was duly served on (a) Debtors and Debtors' counsel of record, (b) all creditors and interested parties, (c) each entity known by Trustee to assert a lien, encumbrance, or other interest in, or claim to, the Real Property to be affected by this Order, and (d) the Office of the United States Trustee, all in accordance with Bankruptcy Rules 2002(a)(2), 2002(c)(1), 2002(i), 2002(k), 6004(a), and 6004(c). Each entity known to Trustee to assert a lien, encumbrance, claim, or other interest in or to the Real Property to be affected by this Order also was served with a complete copy of the Sale Motion and all supporting declarations and pleadings filed by Trustee in connection with the Sale Motion.

6. The Notice complied in all respects with the requirements of the Bankruptcy Code and the Bankruptcy Rules, fully and adequately described the relief requested in the Sale Motion and set forth the means by which the Sale Motion and all supporting declarations and pleadings could be obtained promptly by a party in interest; provided fair and reasonable notice under the circumstances of this Case with respect to the deadlines and procedures for objecting to the relief requested in the Sale Motion, and set forth the date, time, and place for the Hearing on the Sale Motion.

7. The Real Property is allegedly subject to the liens, encumbrances, and other interests of record as set forth in the preliminary title report (the "PTR") issued by Fidelity National Title Company ("Fidelity") identified as order no. 00141166-994-VNO-SI, dated July 18, 2016 and amended as of December 21, 2016 that is attached as <u>Exhibit C</u> to the Sale Motion.

8. Within the meaning of 11 U.S.C. § 363(f) all parties with debt secured by the Real Property have consented to the sale of the Real Property free and clear of any and all of their respective liens, encumbrances, or interests in the Real Property, including, without limitation, those liens, encumbrances, and interests of such parties listed in the PTR, with the exception of the California Franchise Tax Board ("FTB") whose tax lien (the "Tax Lien") is avoidable as to the amounts of penalties and interest on penalties pursuant to 11 U.S.C.

§§ 724(a) and 726(a)(4) and, as to the remaining balance of the Tax Lien, shall be subordinated to the administrative fees and expenses of the Estate pursuant to 11 U.S.C. §§ 724(b) and 507(a)(1)(C).

9. Trustee has engaged in fair and reasonable marketing, advertising and other sale efforts and procedures in connection with the sale of the Real Property, which efforts and procedures have enabled the Estate to obtain a fair and reasonable price for the Real Property under the circumstances of this Case. In connection with the proposed sale, Trustee has complied with all sale procedures established or required by this Court.

10. The highest and best offer to purchase the Real Property that was not withdrawn as of the date of the Motion was the one received from buyer Megan Nelson and Matthew Michael Edward Nelson ("Buyer") to purchase the Real Property for the sales price of $970,000.00 (the "Sales Price") on the terms and conditions set forth in the Agreement.

11. Buyer is unrelated to Debtors and Trustee. Trustee and Buyer negotiated, proposed, and entered into the Agreement without collusion, in good faith, and from arm's length bargaining positions. Neither Trustee nor Buyer has engaged in any conduct that would cause or permit the Agreement, or the transactions contemplated thereby, to be invalidated or avoided under 11 U.S.C. § 363(n). Accordingly, upon consummation of the sale transaction contemplated by the Agreement, Buyer will be a buyer in "good faith" within the meaning of 11 U.S.C. § 363(m), and, as such, is entitled to the protections afforded thereby.

12. The terms and conditions of the sale transaction as provided for in the Agreement and the Sale Motion are fair and reasonable; entry into the Agreement on behalf of the Estate is a sound exercise of Trustee's reasonable business judgment, and the sale transaction contemplated by the Agreement is in the best interests of creditors and the Estate.

. . . . .

. . . . .

Based on the record in the Case, the findings of fact and conclusions of law set forth above and stated on the record pursuant to Bankruptcy Rules 9014 and 7052, and good cause appearing therefor,

**IT IS HEREBY ADJUDGED AND ORDERED** that:

A.  The Sale Motion is granted as set forth herein;

B.  The terms, conditions, and transactions contemplated by the Agreement are hereby approved in all respects, and Trustee is hereby authorized under 11 U.S.C. §§ 105(a), 363(b), (c), (f) and (m), 506(c), 507(a), 522(c)(1), 523(a)(1)(A), 541(a), 724(a) and (b), and 726(a)(4) to sell the Real Property on an "as-is" basis, free and clear of all liens, claims, encumbrances, and interests to Buyer on the terms and conditions set forth in the Agreement, the Sale Motion, the Stipulation, and the Order Approving Stipulation;

C.  Trustee is hereby authorized, empowered, and directed to (1) perform under, consummate, and implement the Agreement, (2) execute all additional instruments and documents that may be reasonably necessary or desirable to implement the Agreement and the transactions contemplated thereby, (3) take all further actions as may be necessary or appropriate for the purposes of assigning, transferring, granting, or conveying the Real Property as contemplated by the Agreement and (4) take such other and further steps as are contemplated by the Agreement or reasonably required to fulfill Trustee's obligations under the Agreement, without further order of the Court.

D.  The sale of the Real Property shall be free and clear of the ownership interests of the Record Owners and their respective predecessors and successors in interest; any unrecorded equitable or legal interests in the Real Property asserted by any person or entity, or his/her/its respective predecessors and successors in interest; the claims or interests asserted by any person or entity, or his/her/its respective predecessors or successors in interest, against the Estate which do not constitute liens against or interest in the Real Property;

and the claims or interests asserted by any person or entity, or his/her/its respective predecessors or successors in interest, evidenced by the liens, encumbrances, and interests of record set forth in the Sale Motion and below:

1. The First TD (defined below);

2. The second deed of trust (the "Second TD") that secured debt in the original principal amount of $405,000.00 recorded on November 29, 2006 as instrument no. 20061129-251253 of Official Records in the Office of the Recorder of Ventura County ("Official Records"), for the benefit of Washington Mutual Bank, a Federal Association, assigned to JPMorgan Chase Bank, National Association ("Chase") pursuant to instrument no. 20130828-150300 recorded on August 28, 2013 of Official Records and for which Chase caused a full reconveyance to be recorded on May 20, 2015 as instrument no. 20150520-76510 of Official Records (the "Full Reconveyance") all as referred to as item no. 16 in the PTR;

3. The HOA Fees (defined below);

4. The Property Taxes (defined below); and

5. The Tax Lien in the original amount $18,587.10 recorded by FTB on December 10, 2015 as instrument no. 20151210-0177945-0 of Official Records related to certificate number 15329650309.

E. ~~Trustee is the duly appointed Trustee for the Estate, the Real Property is property of the Estate pursuant to 11 U.S.C. § 541, and pursuant to federal law and this Order, Trustee is the sole person authorized to sell the Real Property, Trustee (alone) has the power to and is specifically authorized by this Court to execute, on behalf of the Estate, any and all documents necessary to sell and transfer the Real Property to Buyer, including, but not limited to, escrow instructions, and a transfer deed on behalf of the Estate and that no signatures are necessary from Record Owners;~~

. . . . .

F.  Trustee is hereby authorized to pay directly through the sale escrow (the "Sale Escrow") at Encore Escrow Company, Inc. ("Encore"):

a.  The debt secured by the first deed of trust (the "First TD") in the original principal amount of $750,000.00 recorded on December 7, 2005 as instrument no. 20051207-0300644 of Official Records for the benefit of World Savings Bank, FSB, its Successors and/or Assignees, the most recent of which is Wells Fargo Bank (the "First TD Holder"), plus accrued interest and other amounts for which First TD Holder has agreed to accept, as payment in full, a payment capped at the amount of $825,000.00 (the "First TD Payoff") pursuant to a demand to be provided to Encore by Barrett Daffin Frappier Treder & Weiss, LLP, counsel for First TD Holder and for servicer Fay Servicing (the "First TD Demand"), referred to at exception no. 15 in the PTR;

b.  The homeowner association fees owed to Regency Hills Neighborhood Homeowners Association (the "HOA") as set forth in that certain Notice of Delinquent Assessment in the original amount of $3,226.83 recorded as instrument no. 20150615-00090546-0 in the Official Records plus any other outstanding and unpaid assessments and any related transfer fees charged by the HOA through its agent, Ross Morgan & Co. (collectively, the "HOA Fees"), in the payoff amount set forth in the payoff demand the HOA provides to Encore;

c.  The delinquent and current pro-rated real property taxes owed to the County of Ventura as of the closing date (the "Property Taxes");

d.  The broker commission of 3.5% of the Sales Price, i.e., $33,950.00 (the "Broker Commission") to be divided 1% ($9,700.00) to Trustee's broker, Rodeo Realty, Inc. ("Estate Broker") and 2.5% ($24,250.00) to Buyer's broker, Real Living Pacific Realty ("Buyer Broker");

. . . . .

e.  Trustee's closing costs as seller including, but not limited to, City and County transfer taxes, escrow fees, title fees, recording fees, required reports (the "Closing Costs");

f.  Reimbursement to Zamora & Hoffmeier, APC ("Z&H") for expenses advanced to secure, administer, and sell the Real Property (the "Z&H Advances") payable pursuant to 11 U.S.C. §§ 506(c) and 507(a)(1)(C) of approximately $10,000.00 but in the final amount set forth in such invoice as Z&H submits to Encore at closing;

g.  Outstanding gardening and pool invoices received by Encore that total $2,090.00;

h.  The invoice from Trustee Insurance Agency for insurance premiums in the amount of $5,489.10 or such updated amount as is submitted to Encore as of the closing date; and

i.  The net proceeds from the Sale Escrow (the "Net Proceeds") to Trustee on behalf of the Estate for subsequent payment by Trustee, subject to Court approval, for Estate expenses to be paid pursuant to 11 U.S.C. §§ 506(c) and 507(a)1)(C) including, but not limited to, fees and expenses of the Estate accountant and Trustee's expenses in the Case, and for distributions to the Internal Revenue Service ("IRS") and FTB for their respective priority tax claims in the case that are nondischargeable and are exceptions to Debtors' homestead exemption pursuant to 11 U.S.C. §§ 522(c)(1), 523(a)(1)(A), and 507(a)(8);

G.  Except as authorized for payment hereby, each lien, encumbrance, or interest identified above including, but not limited to the Tax Lien, shall attach, as adequate protection for the respective holder thereof pursuant to 11 U.S.C. § 363(e), to the Net Proceeds received by Trustee for the Estate, after (i) payment of all costs of sale provided for in the Agreement and the Sale Motion, and (ii) satisfaction of those liens and encumbrances authorized for payment

hereby, with the same extent, scope, validity, and priority, if any, as such lien, encumbrance, or interest now has with respect to the Real Property, subject to any and all defenses, offsets, counterclaims, and/or other rights of any party relating thereto, subject to 11 U.S.C. §§ 507(a), 724(a) and (b), and 726(a)(4), but the Real Property shall be sold free and clear of all liens, including, but not limited to, the Tax Lien;

H. The Tax Lien is hereby avoided as to the amounts of penalties and interest on penalties pursuant to 11 U.S.C. §§ 724(a) and 726(a)(4) and, as to the remaining balance of the Tax Lien, pursuant to 11 U.S.C. §§ 724(b) and 507(a)(1)(C) the Tax Lien is subordinated to the administrative fees and expenses of the Estate that exceed the amount of such balance. No distribution shall be made to FTB from the Sale Escrow;

I. The recording of the Full Reconveyance reconveyed any secured interest in the Real Property to Debtors, extinguished the Second TD and any secured debt owed to Chase, and the sale of the Real Property is free and clear of the Second TD;

J. Trustee's rights to object to the validity, scope and priority of all disputed liens, claims, and/or interests are hereby reserved;

K. There shall be no liability to Trustee or her professionals, in any capacity, by virtue of the consummation of the sale approved herein or by virtue of the failure of such sale to consummate;

L. The Court shall and hereby does retain jurisdiction to (1) enforce and implement the terms and provisions of the Agreement, all amendments thereto, any waivers and consents thereunder, and any other supplemental documents or agreements executed in connection therewith, (2) compel delivery and payment of the consideration provided for under the Agreement, the Sale Motion and this Order, (3) adjudicate any disputes, controversies, or claims under Title 11 of the United States Code arising out of or relating to the Agreement, the

Sale Motion, and the sale approved herein; and (4) interpret, implement and enforce the provisions of this Order and the Order Approving Stipulation;

M. This Order shall be effective immediately upon entry, that the stay of this Order imposed by Federal Rule of Bankruptcy Procedure 6004(h) and any other applicable bankruptcy rules is waived, and that the effectiveness of this Order shall not be affected by the 14-day statutory appeal period unless the Court enters a stay of this Order to sell the Real Property pending appeal;

N. Pursuant to 11 U.S.C. § 363(m) Buyer is a "good faith purchaser" and is entitled to the protections thereof; and, absent a stay of this Order pending appeal, the reversal or modification on appeal of this Order or any provision thereof, shall not affect the validity of the sale transaction approved hereby which is consummated prior to such stay, reversal, or modification on appeal;

O. The validity of the sale approved hereby shall not be affected by the appointment of a successor trustee, dismissal of the Case, or conversion of the Case to another chapter under Title 11 of the United States Code~~; and~~

~~P. The notice of the Hearing, of the Sale Motion, and of the sale is proper and adequate~~.

# # # # #

Date: February 14, 2017

Victoria S. Kaufman
United States Bankruptcy Judge

Case 1:16-bk-10099-VK    Doc 124    Filed 02/14/17    Entered 02/14/17 14:53:46    Desc
Main Document    Page 11 of 12

# EXHIBIT A

PRELIMINARY REPORT  
YOUR REFERENCE: 14985-JP

Fidelity National Title Company  
ORDER NO.: 00141166-994-VNO-SI

# EXHIBIT A
## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF VENTURA, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOT 8, TRACT NO. 4517-1, IN THE COUNTY OF VENTURA, STATE OF CALIFORNIA, AS SHOWN ON A MAP RECORDED IN BOOK 128, PAGE(S) 71 TO 80 INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT AN UNDIVIDED ONE-HALF INTEREST IN ALL OIL, GAS, MINERALS AND ALL OIL, GAS AND MINERAL RIGHTS UPON AND UNDER SAID LAND, WITH NO RIGHT OF SURFACE ENTRY IN CONNECTION THEREWITH, AS RESERVED BY ALBERTSON COMPANY, A CORPORATION, IN DEED RECORDED APRIL 8, 1954 AS
DOCUMENT NO. 10012 IN BOOK 1194, PAGE 551 OF OFFICIAL RECORDS.

BY DEED EXECUTED BY THE ALBERTSON COMPANY, RECORDED SEPTEMBER 2, 1959, AS DOCUMENT NO. 34130 IN BOOK 1774, PAGE 441 OF OFFICIAL RECORDS, ALL RIGHT TO ENTER UPON, POSSESS OR USE ANY PART OF THE SURFACE OF SAID LAND OR ANY PART OF THE SUBSURFACE THEREOF TO A DEPTH OF 500 FEET BELOW THE SURFACE OF SAID LAND WAS SURRENDERED.

ALSO EXCEPT AN UNDIVIDED 10 PERCENT OF 100 PERCENT IN ALL OIL, GAS AND MINERALS AND ALL OIL, GAS AND MINERALS RIGHTS UPON AND UNDER SAID LAND, AS GRANTED TO THE ALBERTSON COMPANY, A CORPORATION, IN DEED RECORDED SEPTEMBER 2, 1959, AS DOCUMENT NO. 34129 IN BOOK 1774, PAGE 440 OF OFFICIAL RECORDS.

BY DEED EXECUTED BY THE ALBERTSON COMPANY, RECORDED SEPTEMBER 2, 1959 AS DOCUMENT NO. 34130 IN BOOK 1774, PAGE 441 OF OFFICIAL RECORDS, ALL RIGHT TO ENTER UPON, POSSESS OR USE ANY PART OF THE SUBSURFACE THEREOF TO A DEPTH OF 500 FEET BELOW THE SURFACE OF SAID LAND WAS SURRENDERED.

APN: 801-0-263-085